# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRYON A. DEAL-WATKINS,                     )<br>                                                                  )<br>                          Plaintiff,             )<br>   vs.                                                       )<br>                                                                  )<br>LT. H. WALTERS, #4231; DETECTIVE  )<br>YOUNG, #8252; OFFICER N. SYLVIA, )<br>#115241L22; OFFICER A. ORTIZ,         )<br>#142001L22; LAS VEGAS                       )<br>METROPOLITAN POLICE DEPARTMENT, )<br>                                                                  )<br>                          Defendants.         )<br>_____ ) | Case No.: 2:13-cv-01808-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendants Lt. H. Walters, Detective Young, Officer N. Sylvia, and Officer A. Ortiz (collectively "Defendants"), requesting the dismissal of claims (ECF No. 1) filed by Plaintiff Bryon A. Deal-Watkins ("Plaintiff") against Defendants in their official capacities.

## I.   BACKGROUND

This case arises out of Plaintiff's arrest for battery with substantial bodily harm on October 3, 2011. (Mot. to Dismiss 2:14–15, ECF No. 8.)  Pursuant to 42 U.S.C. § 1983, Plaintiff sued the Las Vegas Metropolitan Police Department ("LVMPD") and Defendants solely in their official capacities. (Compl. 2:¶¶2–5, 3:¶6, ECF No. 1.)  Defendants subsequently filed the instant Motion to Dismiss (ECF No. 8), requesting that these claims against them be dismissed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by

virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

#### A. Claims Against Defendants in Official Capacities

Pursuant to § 1983, Plaintiff sued Defendants only in their official capacities. (Compl. 2:¶¶2–5, ECF No. 1.)  Both the Supreme Court and Ninth Circuit have recognized that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief."); *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant.").

Because Plaintiff has already named LVMPD as a defendant, naming four LVMPD officers in their official capacities is unnecessary and duplicative. (*See* Mot. to Dismiss 4:7–9, ECF No. 8.)  The Court therefore dismisses the claims against Defendants in their official capacities.

#### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant

leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Should Plaintiff wish to amend his Complaint to sue Defendants in their individual capacities, the Court grants him leave to do so.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).  Further, "[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, to sue Defendants in their individual capacities, Plaintiff must make sufficient factual allegations in his Complaint that each officer participated individually in the unconstitutional conduct.

Because the Court finds that Plaintiff may be able to plead additional facts to state claims against the Defendants in their individual capacities, the Court will grant Plaintiff leave to file an amended complaint.  Plaintiff shall file his amended complaint within fourteen (14) days of the date of this Order if he can allege sufficient facts that plausibly establish a claim against Defendants in their individual capacities.  Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's Complaint against the four individual officers with prejudice and the case will continue only against LVMPD.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED** without prejudice, and Plaintiff is granted leave to amend his Complaint (ECF No. 1).

**IT IS FURTHER ORDERED** that Plaintiff shall file his amended complaint by

**Tuesday, July 29, 2014**.  Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's Complaint against the four individual officers with prejudice and the case will continue only against LVMPD.

      **DATED** this 14th day of July, 2014.

                                       _____
                                       Gloria M. Navarro, Chief Judge
                                       United States District Judge