UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYON A. DEAL-WATKINS,<br><br>      Plaintiff,<br><br>vs.<br><br>LT. H. WALTERS, #4231; DETECTIVE YOUNG, #8252; OFFICER N. SYLVIA, #115241L22; OFFICER A. ORTIZ, #142001L22; LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>      Defendants. | Case No.: 2:13-cv-01808-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 29) filed by Defendants Lt. Hans Walters, Detective Damon Young, Officer Nicholas Sylvia, Officer Alba Ortiz, and Las Vegas Metropolitan Police Department (collectively "Defendants"), requesting the dismissal of the Amended Complaint (ECF No. 25) filed by Plaintiff Bryon A. Deal-Watkins ("Plaintiff").

**I. BACKGROUND**

This case arises out of Plaintiff's arrest for battery with substantial bodily harm on October 3, 2011. (Mot. to Dismiss 2:14–15, ECF No. 8). Pursuant to 42 U.S.C. § 1983, Plaintiff originally sued the Defendants solely in their official capacities. (Compl. 2:¶¶2–5, 3:¶6, ECF No. 1). Defendants Lt. Hans Walters, Detective Damon Young, Officer Nicholas Sylvia, and Officer Alba Ortiz (collectively "the individual Defendants") subsequently filed a Motion to Dismiss (ECF No. 8), requesting that these claims against them be dismissed. The Court granted the Motion to Dismiss without prejudice and granted Plaintiff leave to amend his Complaint for the limited purpose of alleging sufficient facts that plausibly establish a claim against the individual Defendants in their individual capacities. Shortly thereafter, Plaintiff

1 filed an Amended Complaint (ECF No. 25), and Defendants subsequently filed the instant

2 Motion to Dismiss (ECF No. 29).

3 **II.      LEGAL STANDARD**

4      Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

5 that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp.*

6 *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule

7 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

8 give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

9 *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the

10 complaint is sufficient to state a claim, the Court will take all material allegations as true and

11 construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792

12 F.2d 896, 898 (9th Cir. 1986).

13      The Court, however, is not required to accept as true allegations that are merely

14 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

15 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

16 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

17 violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

18 *Twombly*, 550 U.S. at 555).

19      A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

20 for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino*

21 *Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's

22 complaint contain "a short and plain statement of the claim showing that the pleader is entitled

23 to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because

24 "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

25 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

### A. Plaintiff's Amended Complaint

Defendants assert that Plaintiff's Amended Complaint "is utterly unintelligible and purports to be a 'Take Judicial Notice Rule Two Zero One; Constitutional Criminal Complaint, Opposition against Wrongdoers' Motion to Dismiss Complaint; Fraud Within the Las Vegas Metropolitan Police and its Agents; Willful Failure to Disclosure Proper Identification of Entities; Fourth, Fifth, and Fourteenth Amendment Due Process Violations and Affirmation in the Nature of an Affidavit." (Defs.' Mot. to Dismiss 2:17–22, ECF No. 29).

The Court agrees that Plaintiff's Amended Complaint is unintelligible. Rather than complying with the Court's Order regarding Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 19), which granted Plaintiff leave to file an amended complaint if he could allege sufficient facts that plausibly establish a claim against the individual Defendants in their individual capacities, Plaintiff's Amended Complaint now lists fifty-five claims against Defendants. (Pl.'s Am. Compl. At 3–8, ECF No. 25). Moreover, Plaintiff alleges minimal facts and fails to demonstrate how these facts relate to the fifty-five claims. (*See id.* at 22–23).

Furthermore, Plaintiff's Amended Complaint is replete with incoherent statements, making the entire Amended Complaint confusing. (*See id.* at 9–22).  For example, Plaintiff states, "Through legal research i have noticed that most law enforcement agents, as well as most attorneys, really have no idea as to what the laws are and what they really mean." (Pl.'s Am. Compl. at 13).  As Defendants assert, "Plaintiff's Amended Complaint is drastically different than his original Complaint." (Defs.' Mot. to Dismiss 2:23).  The Court finds that Plaintiff's prolix and confusing Amended Complaint imposes an unfair burden on Defendants and the Court.  Accordingly, the Court dismisses Plaintiff's Amended Complaint.

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Defendants acknowledge that Plaintiff's original Complaint (ECF No. 1) "was drafted in an appropriate format under Fed. R. Civ. P. 8(a)." (Defs.' Mot. to Dismiss 2:23–24).  The Court agrees.  Moreover, the Court already gave Plaintiff clear instruction on how to amend his original Complaint, if he wishes to sue the individual Defendants in their individual capacities. Particularly, the Court instructed:

> In other words, to sue [the individual] Defendants in their individual capacities, Plaintiff must make sufficient factual allegations in his Complaint that each officer participated individually in the unconstitutional conduct.  Because the Court finds that Plaintiff may be able to plead additional facts to state claims against the [individual] Defendants in their individual capacities, the Court will grant Plaintiff leave to file an amended complaint … if he can allege sufficient facts that plausibly establish a claim against [the individual] Defendants in their individual capacities.

(Order Mot. to Dismiss 4:11:18, ECF No. 19).  Thus, the Court will give Plaintiff another opportunity to amend his Amended Complaint.  To avoid further dismissal for failing to comply with Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff would be wise to replicate the form of his original Complaint.  Plaintiff may add sufficient facts that plausibly establish a claim against the individual Defendants in their individual capacities, but Plaintiff should refrain from adding prolix, incoherent statements that have no bearing on the claims at issue.  Instead, Plaintiff's second amended complaint, like his original Complaint, should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff shall file his second amended complaint within twenty-one (21) days of the date of this Order.  Failure to file a second amended complaint by this date that complies with this Order shall result in the Court dismissing Plaintiff's Amended Complaint in its entirety with prejudice.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 29) is **GRANTED** without prejudice, and Plaintiff is granted leave to amend his Amended Complaint (ECF No. 25).

**IT IS FURTHER ORDERED** that Plaintiff shall file his second amended complaint by Thursday, January 8, 2015.  Failure to file a second amended complaint by this date that complies with this Order shall result in the Court dismissing Plaintiff's Amended Complaint with prejudice.

**DATED** this 19th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge